## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 17 2018, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Tonja V. Kinder
Monroe County Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy M. Snapp, *Appellant-Defendant,* | August 17, 2018 |
| v. | Court of Appeals Case No. 18A-CR-604 |
| | Appeal from the Monroe Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Marc R. Kellams, Judge |
| | Trial Court Cause No. 53C05-1709-F5-912 |

**Bradford, Judge.**

# Case Summary

[1] On January 3, 2018, Timothy Snapp pled guilty to Level 5 felony dealing in methamphetamine. Consistent with the terms of Snapp's guilty plea, the trial court sentenced Snapp to a five-year term of imprisonment. Snapp contends that his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] While conducting surveillance for an on-going narcotics investigation on August 30, 2017, Bloomington police officers observed Snapp walk out of an apartment and hand something in a clear plastic bag to Tina Hunter. The police observed that Snapp then traveled with Hunter to an apartment located on West Dodds Street. Snapp was arrested after police executed a search warrant on the West Dodds Street apartment and found methamphetamine. Hunter subsequently informed the officers that she had obtained methamphetamine from Snapp earlier that evening and that any methamphetamine found in the apartment would have come from Snapp.

[3] On September 1, 2017, the State charged Snapp with Level 5 felony dealing in methamphetamine. Snapp pled guilty on January 3, 2018. In exchange for Snapp's guilty plea, the State agreed that (1) Snapp's sentence would be capped at five years, (2) it would not seek an enhancement in the level of felony charge, and (3) it would move to dismiss a charge in an unrelated cause number. The

trial court accepted Snapp's guilty plea and, on February 26, 2018, sentenced Snapp to a five-year term of incarceration.

# Discussion and Decision

[4]     Snapp contends that his five-year sentence is inappropriate. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[5]     In challenging his sentence, Snapp argues that his maximum five-year sentence is inappropriate in light of the nature of his offense. We note that while the five-year sentence was the maximum permissible sentence under the terms of his plea agreement, it is not the maximum sentence that Snapp could have received had he gone to trial. *See* Ind. Code § 35-50-2-6(b) (providing that the statutory range for a sentence for a Level 5 felony is between one year and six years). Snapp also attempts to downplay the seriousness of his offense by

arguing that his offense was not as serious as some of the other offenses that are classified as Level 5 felonies. Regardless of what other crimes might be classified as Level 5 felonies, the General Assembly has determined that dealing in methamphetamine is a serious offense warranting Level 5 felony classification. Further, the record shows that Snapp has long engaged in drug possession and dealing.

[6] As for Snapp's character, since 1979, he has amassed a significant criminal history, which includes at least fifteen criminal convictions and numerous other arrests. Although Snapp's record of arrests by itself is not evidence of his criminal history, "it is appropriate to consider such a record as a poor reflection on [Snapp's] character, because it may reveal that he … has not been deterred even after having been subjected to the police authority of the State." *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (citing *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005)). Snapp has also committed prior probation violations.

[7] The instant conviction is Snapp's fifth felony conviction for either possessing or selling methamphetamine since 2011. An additional charge of possession of methamphetamine was dismissed pursuant to the terms of Snapp's plea agreement in this case. Many of Snapp's other arrests and convictions stem from either drug possession or dealing. In addition, Snapp was found to be a high risk to reoffend.

[8]     Snapp argues that it reflects well on his character that he has recently committed to reforming his behavior. Snapp points to the fact that he had been accepted for inpatient treatment at the Amethyst House following his release from incarceration and his willingness to admit that he had been battling substance-abuse issues. Snapp also points to the fact that he continues to maintain positive relationships with past employers and has eagerly participated in multiple educational opportunities while incarcerated. While we applaud Snapp's commitment to improving himself, this somewhat recent commitment to self-improvement does not outweigh Snapp's extensive pattern of criminal behavior. Snapp has failed to convince us that his five-year sentence is inappropriate.

[9]     The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.